**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MOSES CLARY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. Action No. 17-538 (JHR)

**MEMORANDUM AND ORDER**

    This matter is before the Court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 1.) On May 24, 1999, this Court sentenced Petitioner to life imprisonment without parole. (Id.; U.S. v. Clary, Crim. Action No. 96-576 (JHR) (D.N.J.) (ECF No. 93)). Petitioner filed his first motion to vacate under 28 U.S.C. § 2255 on August 9, 2001, and the motion was dismissed on September 19, 2001. Clary v. United States, Civ. Action No. 01-3831 (JHR) (D.N.J.) (ECF No. 6.) Petitioner seeks to bring a second or successive § 2255 motion to assert a claim based on a new rule of constitutional law under Miller v. Alabama, 132 S.Ct. 2455 (2012), made retroactively applicable on collateral review by Montgomery v. Louisiana, 136 S.Ct. 718 (2016). (ECF No. 1 at 3-4.)

    28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>     . . . .

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Under 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Petitioner seeks to proceed on a successive § 2255 motion on the basis of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255(h). Therefore, it is in the interest of justice to transfer this case to the Third Circuit Court of Appeals for consideration of whether the district court is authorized to consider Petitioner's successive application for relief under § 2255.

**IT IS** THEREFORE on this ___8th___ day of ___February___, 2017,

2

**ORDERED** that the Clerk shall transfer Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) to the United States Circuit Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631; and it is further

**ORDERED** that the Clerk shall administratively terminate Petitioner's motion for appointment of counsel (ECF No. 2); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, and it is further

**ORDERED** that the Clerk shall close this matter.

_____
JOSEPH H. RODRIGUEZ
United States District Judge